

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

THERESA A. CARTER,          )
          )
        Plaintiff,        )     Case No. 07 C 4376
          )
       v.           )     Magistrate Judge
          )        Martin C. Ashman
MICHAEL J. ASTRUE,          )
Commissioner of Social Security,     )
          )
        Defendant.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Theresa A. Carter ("Carter"), petitions this Court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, the Commissioner of Social Security ("Commissioner"), opposes Carter's motion on the grounds that the government's position in the underlying action was substantially justified. The parties consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and N.D. Ill. L.R. 73.1(c). For the reasons set forth below, Carter's petition is granted.

## I. Background

Theresa A. Carter applied for Supplemental Security Income ("SSI") on December 19, 2003, and for Disability Insurance Benefits ("DIB") on May 15, 2004. *Carter v. Astrue,* No. 07-4376, slip op. at 12 (N.D. Ill. Aug. 19, 2008). The Social Security Administration ("SSA") denied these claims originally and again upon reconsideration on October 15, 2004. *Id.*

Carter then requested a hearing before an Administrative Law Judge ("ALJ"), who held the initial hearing on September 6, 2006. *Id.* The ALJ, Judith Goodie, noted that the record was incomplete and requested that Carter submit to independent psychiatric and medical examinations. *Id.* After completing these examinations, Carter appeared before the ALJ again on February 8, 2007. *Id.* The ALJ found that Carter was disabled under Section 12.04 of the SSA's impairment listings. *Id.* However, the ALJ also concluded that Carter had a substance abuse disorder that was material to her disability, thereby disqualifying her from receiving disability benefits. *Id.*

Carter appealed the ALJ's decision to this Court. The Court upheld the ALJ's findings on Carter's Residual Functional Capacity ("RFC") and held that the ALJ adequately justified her decision not to incorporate Carter's alleged hand-use limitation into her RFC. *Id.* at 12. Also, the Court upheld the ALJ's conclusion that the opinions of Dr. Daugherty and Dr. Gil were an accurate description only of Carter's condition while Carter was abusing substances, and held that the ALJ's conclusion on these issues was supported by substantial evidence. *Id.* at 14. The Court, however, reversed the ALJ's ultimate decision and remanded the case for further proceedings based on the Court's finding that the ALJ improperly determined that Carter's substance abuse was material to her disability. *Id.* at 17. The Court found that, by predicting the cumulative effect of Carter's symptoms without support from additional medical evidence, the ALJ inappropriately "played doctor." *Id.* at 16. Specifically, the Court noted that the question of whether Carter was disabled when sober required a separate inquiry, and that the opinion of a trained medical expert was necessary to isolate Carter's numerous impairments and to determine which impairments would remain in the absence of drug use. *Id.* at 17. Carter timely filed the instant motion for attorneys' fees and costs and supported it with the required documents.

## II. **Discussion**

Under the EAJA, the Court may award attorneys' fees if (1) the plaintiff is the "prevailing party" in the underlying litigation; (2) the government's position in the underlying litigation or administrative proceeding was not "substantially justified"; (3) there are no special circumstances that would make an award of fees unjust; and (4) the fee petition is submitted within thirty days of final judgment and supported by an itemized statement of fees. 28 U.S.C. §§ 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). In this case, it is clear that Carter is the prevailing party in the underlying litigation, and the Commissioner does not argue that special circumstances would make an award of fees inappropriate in this case or that the petition was procedurally deficient. Therefore, the only issue that the Court must address is whether the government's position was "substantially justified."

The "substantially justified" standard applies to both the government's litigation position and the government's pre-litigation position, which includes the ALJ's decision. *Cunningham*, 440 F.3d at 863-64. The fact that the Commissioner lost in the underlying litigation creates no presumption in favor of awarding fees, *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994), but the government still bears the burden of showing that its position was substantially justified at both stages to defeat the plaintiff's claim for attorneys' fees. *Cunningham*, 440 F.3d at 864. The Seventh Circuit has stated that the "substantial justification" standard "requires the government to show that its position was grounded in[] (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Simply stated, the SSC must show that it had "a

- 3 -

rational ground for thinking that it had a rational ground" for denying benefits. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Accordingly, a party's position can be "substantially justified" but incorrect, as long as a reasonable person could think that the position was appropriate. *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1036).

Here, the Commissioner urges the Court to find that the government's position was substantially justified. First, the Commissioner mentions that the Court found in the Commissioner's favor on some objections Carter raised on appeal. (Def.'s Resp. 4-5 (Dec. 3, 2008).) Therefore, the Commissioner seems to argue that, "given the case as a whole," the government's litigation position was substantially justified. (*Id.* at 5-6.) Second, the Commissioner argues that, despite being unsupported by substantial evidence, the government's position regarding the materiality of Carter's substance abuse was nonetheless substantially justified. (*Id.* at 4-6.) The Court finds both arguments unavailing.

With respect to the Commissioner's first point, although the Court found in the Commissioner's favor on some issues raised on appeal, a plaintiff need not "prevail on all, or even a majority, of her arguments in order to be awarded fees under the EAJA." *Bailey v. Barnhart*, 473 F. Supp. 2d 842, 846 (N.D. Ill. 2006). And because the district court must make "one conclusion that . . . accommodates the entire civil action," a court may award EAJA fees when either the government's litigation position or pre-litigation position, which includes the ALJ's decision, was not substantially justified. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080-81 (7th Cir. 2000). In this case, the Court reversed the ALJ's decision specifically because the ALJ failed to provide medical evidence to support her conclusion that Carter's substance abuse was a material element of her disability. *Carter*, slip op. at 17. Accordingly, the

fact that the Commissioner prevailed in other areas on appeal does not affect the Court's determination on whether to award EAJA fees.

Second, the Commissioner characterizes the Court's remand as "for the sole basis of obtaining medical expert testimony." (Def.'s Resp. at 5-6.) Even though the Court did remand this case for the basis of obtaining evidence, this fact offers no indication as to whether the ALJ's conclusion was substantially justified. Furthermore, the "substantially justified" standard is different from the "substantial evidence" standard, which is used to evaluate an ALJ's decision on its merits; nevertheless, the weight of evidence supporting the government's position is still important in determining whether the position was substantially justified. *Bailey*, 475 F. Supp. 2d at 845. To illustrate, "strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d at 724. Conversely, a denial of EAJA fees is supported when the court's decision suggests a "close case" on the merits. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). Therefore, the Court must determine whether the government's position was substantially justified in light of the evidence and reasoning that the ALJ used to support her decision. *See Golembiewski*, 382 F.3d at 724.

The Court finds that both the government's litigation and pre-litigation positions were not substantially justified. Specifically, the Commissioner was not substantially justified in relying on the ALJ's decision regarding the materiality of Carter's substance abuse. In reaching a medical conclusion, an ALJ "must not succumb to the temptation to play doctor and make [her] own independent medical findings." *Bailey*, 473 F. Supp. 2d at 849 (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)). This case is a clear example of an ALJ making an independent

medical conclusion. Here, in the absence of any support from expert testimony, the ALJ predicted that Carter's substance abuse was material to her disability. *Carter*, slip op. at 16. The Commissioner does not dispute that the ALJ improperly reached this conclusion, and in his response, the Commissioner offers no arguments to suggest that the ALJ had a "rational ground" in doing so. Indeed, the ALJ could not reasonably infer that Carter could presently work while sober simply because Carter enjoyed employment prior to 2002 when sober. *Id.* at 17. Such an inference is unreasonable because, as this Court noted, Carter could have developed her depression after 2002, or her depression could have worsened after 2002. *Id.* Similarly, although Carter's depression and drug use appeared to have started at about the same time, no medical opinion on record suggests that Carter's drug abuse actually caused the disability or was material to the disability. *Id.* Because no reasonable person would accept the ALJ's reasoning on this key issue as appropriate, it is difficult to see how the government's pre-litigation or litigation position can be "substantially justified." Therefore, an award of attorneys' fees and costs is appropriate under EAJA.

Carter's petition requests 47.2 hours of attorneys' fees and $246.50 in legal assistant costs. The attorneys' work occurred between the years 2007 and 2008, and the attorney requests a rate of $168.74 per hour. This rate, which exceeds the statutory limit of $125 per hour, is appropriate in light of increases in the cost of living as reflected in the Consumer Price Index. *See Marcus*, 17 F.2d at 1040; *Reynolds v. Barnhart*, No. 02 C 1545, 2003 WL 21544018, at *2 (N.D. Ill. July 7, 2003) (granting attorneys' fees at an hourly rate reflecting cost of living increases in Chicago based on the CPI). Furthermore, the Commissioner did not object to any of Carter's

calculations, and the Court finds that the number of hours expended was reasonable. Therefore, Carter's petition for fees is granted in the amount of $8,221.02.

### III. Conclusion

For the reasons stated above, Carter's petition for attorneys' fees and costs is granted. Fees and costs in the amount of $8,221.02 shall be paid directly to Carter's attorney, Barry A. Schultz.

**ENTER ORDER:**

**MARTIN C. ASHMAN**

Dated: June 30, 2009.                United States Magistrate Judge